PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 In September 2008, the Court adopted an amendment to Florida Rule of Juvenile Procedure 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers), as well as amendments to several juvenile forms. The amendments were proposed by the Juvenile Court Rules Committee (Committee) in a “fast track” report in response to then recent legislation, chapter 2008-245, Laws of Florida and chapter 2008-122, Laws of Florida. Because the amendments were not published for comment prior to adoption, the Court allowed sixty days in which interested persons could file comments. One comment was filed by the Florida Department of Children and Family Services’ (DCF) with regard to rule 8.225, which was amended to require that notice of proceedings or hearings in dependency cases be given to preadoptive parents, foster parents, and relative caregivers, and specifi
 
 *666
 
 cally, that seventy-two hours notice be given to foster or preadoptive parents.
 

 In its comment, DCF first points out that the addition of “relative caregivers” to the list of those entitled to notice of hearings and proceedings in dependency cases appears to have been in response to the requirements of federal law, rather than the 2008 amendments to section 39.502(17), Florida Statutes. Chapter 2008-245, section 9, Laws of Florida, amended section 39.502(17) to require that “the foster or preadoptive parents” of a child be given reasonable notice of all proceedings and hearings, and to specifically require that “[a]ll foster or preadoptive parents must be provided with at least 72 hours’ notice, verbally or in writing, of all proceedings or hearings relating to children in their care or children they are seeking to adopt to ensure the ability to provide input to the court.” § 39.502(17), Fla. Stat. (2008). Thus, as DCF points out, the legislation did not address “relative caregivers.” DCF states that federal law requires that in order to receive certain federal funding, states must have a “case review system” and a rule requiring notice to foster parents, preadoptive parents, and relative caregivers as a condition for such funding.
 
 See
 
 42 U.S.C. § 629h(b)(l) (2006); 42 U.S.C. § 675(5)(G) (2006). DCF also asks that the Court clarify that the term “relative caregiver” should be defined as it is under federal law and that, as under federal law, requiring notice does not mean that a foster parent, preadoptive parent, or relative caregiver must be made a party to the proceeding.
 
 See
 
 42 U.S.C. § 675(5)(G) (2006). Finally, DCF raises an issue with regard to the seventy-two- hour notice requirement. DCF argues that the wording of rule 8.225 should be modified to allow for flexibility where circumstances require immediate action by the court and it would be impractical or impossible to provide seventy-two hours’ notice.
 

 In its response to DCF’s comments, the Committee acknowledges that the addition of “relative caregivers” to the rule was in response to federal requirements and that the term as it is used in the rule should be defined under federal law. The Committee also agrees that the rule should be clarified to explain that the notice requirement does not confer party status and proposes an additional amendment to rule 8.225(c) to accomplish this. The Committee does not agree with DCF’s suggestion that the rule be modified to specifically provide for an emergency circumstances exception to the seventy-two- hour notice requirement, but does propose an amendment to the rule to address notice of “emergency hearings.”
 

 Upon consideration, we adopt the additional amendments proposed by the Committee with minor modifications.
 
 [1]
 
 Florida Rule of Juvenile Procedure 8.225(c) is amended as reflected in the appendix to this opinion. New language is underscored; deleted language is struck through. The amendment shall become effective immediately upon release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, and LABARGA, JJ., concur.
 

 POLSTON, J., recused.
 

 
 *667
 
 APPENDIX
 

 RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
 

 (a)-(b) [No change]
 

 (c) Notice and Service of Pleadings and Papers.
 

 (l)-(2) [No change]
 

 (3) Notice of Hearings to Participants and Parties Whose Identity or Address are Known. Any preadoptive parents, all participants, including foster parents and relative caregivers, and parties whose identity and address are known must be notified of all proceedings and hearings subsequent to the initial hearing, unless otherwise provided by law. Notice to-parents in proceedings involving shelter.hearings and hearings resulting from-medical-emergenciesemergency hearings must be that which is most likely to result in actual notice. It is the duty of the petitioner or moving party to notify any preadoptive parents, all participants, including foster parents and relative care-takerscaregivers, and parties known to the petitioner or moving party of all hearings ■subsequent to the initial hearing, except hearings which must be noticed by the court. Additional notice is not required if notice was provided to the parties in writing by the court or is contained in prior court orders and those orders were provided to the participant or party. All foster or preadoptive parents must be provided at least 72 hours notice, verbally or in writing, of all proceedings or hearings relating to children in their care or children they are seeking to adopt to ensure the ability to provide input to the court. This subdivision shall not be construed to require that any foster parent, preadoptive parent, or relative caregiver be made a party to the proceedings solely on the basis of notice and a right to be heard.
 

 (4)-(7) [No change]
 

 [1]
 

 . For the sake of consistency, we modify the proposed amendment to use the term "relative caregiver,” rather than "relative caretaker.” Similarly, on our own motion, we amend the third sentence of rule 8.255(c) to replace the term "relative caretaker” with the term "relative caregiver.”